Krista R. Hemming, SBN 304213
THE HEMMING FIRM
222 West 6th Street
San Pedro, Ca 90731
Tel: (949) 903 - 7650
Fax: (949) 258 - 5963
E-mail: thehemmingfirm@gmail.com
*(Pro Hac Vice Approved 12/4/2019)*

Attorney for Plaintiff
Kino Bonelli


Robert B. Zelms (SBN 018956)
Nishan J. Wilde (SBN 031447)
MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
3636 North Central Avenue, 11th Floor
Phoenix, Arizona 85012
Tel: (602) 313-5469
Email: rbz@manningllp.com; njw@manningllp.com

Attorneys for Defendants: Grand Canyon University; Grand Canyon Education Inc.; Grand Canyon University Campus Police; and Brian Mueller

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Kino Bonelli<br><br>       Plaintiff,<br><br>       v.<br><br>Grand Canyon University; Grand Canyon Education, Inc.; Grand Canyon University Campus Police and Public Safety; Brian Mueller; Joe Yahner; Kenny Byers; Michael Martinez; Officer Robinson; Officer Washington; Sergeant Bristle; Sergeant Wiley; Officer M. Grupe; And Steve Young, Individually, and in their capacity as officers and agents for Grand Canyon University and Grand Canyon University, Inc.<br><br>       Defendants. | Case No.: 2:20-cv-00143-SMB<br><br>**JOINT CASE MANAGEMENT REPORT**<br><br>(Assigned to Hon. Susan M. Brnovich) |

TO THE HONORABLE COURT:

Plaintiff Kino Bonelli (hereinafter "Mr. Bonelli" or "Plaintiff") and Defendants **Grand Canyon University; Grand Canyon Education Inc.; Grand Canyon University Campus Police; and Brian Mueller** (collectively, "Defendants") submit this Joint Case Management Report, pursuant to the Court's order dated April 10, 2020.

1. **Parties and Counsel Who Prepared The Report**

    A.  Krista R. Hemming, Counsel for Plaintiff Kino Bonelli

    B.  Robert B. Zelms, and Nishan J. Wilde, Counsel for Defendants: Grand Canyon University; Grand Canyon Education Inc.; Grand Canyon University Campus Police; and Brian Mueller

2. **Parties to the Case**

    A.  Plaintiff, Kino Bonelli

    B.  Defendant, Grand Canyon University

    C.  Defendant, Grand Canyon Education Inc.

    D.  Defendant, Grand Canyon University Campus Police

    E.  Defendant, Brian Mueller

    F.  Defendant, Joe Yahner (terminated from lawsuit on 5/8/2020)

    G.  Defendant, Kenny Byers (terminated from lawsuit on 5/8/2020)

H.  Defendant, Michael Martinez (terminated from lawsuit on 5/8/2020)

I.  Defendant, Officer Robinson (terminated from lawsuit on 5/8/2020)

J.  Defendant, Officer Washington (terminated from lawsuit on 5/8/2020)

K.  Defendant, Sergeant Bristle (terminated from lawsuit on 5/8/2020)

L.  Defendant, Sergeant Wiley (terminated from lawsuit on 5/8/2020)

M.  Defendant, Officer M. Grupe (terminated from lawsuit on 5/8/2020)

N.  Defendant, Steve Young (terminated from lawsuit on 5/8/2020)

3.  **Statement of the Case**

   A.  **Plaintiff's Claims**

On or about February 19, 2017, Mr. Bonelli, a GCU student, was entering campus through the main entrance. Mr. Bonelli was walking towards the main guard tower, where a few guards were standing, when Officer ROBINSON ordered Mr. Bonelli show is ID. Mr. Bonelli, held up his student ID card so that Officer ROBINSON could see it. Officer ROBINSON, who was across a lane of traffic demanded Mr. Bonelli cross the street to present his ID. There was no cross walk, nor was there a way for Mr. Bonelli to safely cross over to where Officer ROBINSON was standing, so Mr. Bonelli retreated and walked to a secondary entrance and again attempted to enter campus. At that entrance, Mr. Bonelli presented both his student ID and his state issued ID to the officers.

During the encounter, Mr. Bonelli expressed his frustration about the

treatment he received and was receiving from GCU POLICE and indicated that he was going to file a formal complaint regarding the officers unprofessional and aggressive behavior. Officer WASHINGTON stated that "since I'm unprofessional, and you are going to report me, I'm keeping your ID and you will never come back on campus." Officer WASHINGTON then confiscated Mr. Bonelli's student ID and denied him entry onto the campus.

On or about February 27, 2017, GCU Student Conduct Coordinator Alan Boelter contacted Mr. Bonelli by email to discuss the Feb 19th incident. Alan Boelter told Mr. Bonelli to come to campus to discuss his involvement with an incident a possible student policy violation. The alleged violation: "Failure to Comply"; the claim: he refused to show ID.

Mr. Bonelli informed Boelter that he could not attend the in-person meeting because GCU POLICE had seized his GCU Student Identification Card, and therefore it was not possible that he "failed to comply" by not giving his ID. Mr. Boelter contacted GCU POLICE and discovered they did have Mr. Bonelli's ID. Mr. Boelter retrieved and returned it.

In a second incident On or about July 25, 2017, in the early hours of the morning, Mr. Bonelli was studying on campus in an area open to all students, when he was contacted by GCU POLICE. Mr. Bonelli presented his ID. The GCU Officer ran Mr. Bonelli's name through the system and found that he was enrolled but was not living on campus. Officer GROUPE stated that student policy states commuter

students were not allowed on campus during certain times. There is no such GCU policy. Mr. Bonelli stated he was not aware of such a policy and would leave because he did not want to violate student policy. Officer GROUPE told Mr. Bonelli that he would allow him to stay, however Mr. Bonelli declined and left campus immediately.

On or about July 30, 2017, GCU Campus Safety Supervisor MARTINEZ issued a campus BOLO for Mr. Bonelli. The BOLO stated that in February, Mr. Bonelli, a non-student, tried to gain access onto campus without showing ID, became disorderly and combative, refused to leave and then was trespassed. None of which occurred. The BOLO also stated that he was a former student that graduated in 2016 (proven untrue); and is known to use his old GCU student ID to gain access onto campus.

Mr. Bonelli contacted the Dean of his program in an attempt to get the BOLO lifted so he could attend class. The BOLO was lifted on or about August 7, 2017.

Soon after, Mr. Bonelli was contacted by the Office of Academic Compliance at GCU, with official notification that Mr. Bonelli was reported for violations of the Student Code of Conduct and Academic Standards, for "behaving in any manner that creates a disruption, or hostile or offensive educational environment for a student, faculty member, or staff member," and "failing to comply promptly with any reasonable directive from a faculty member or University Official." Mr. Bonelli disputed the allegation, and submitted multiple written reports, via email, detailing

the incidents.

Despite direct evidence to the contrary, the Office of Academic Standards stated found they found merit in the violation allegation, and Mr. Bonelli was issued an "Official Disciplinary Warning" which stated this was his "first and only warning to correct this behavior."

Mr. Bonelli contacted the Vice President and Dean of Institutional Effectiveness Dr. Antoinette Farmer-Thompson. After listening to Mr. Bonelli's story, Dr. Farmer undertook an investigation and found Mr. Bonelli had been truthfully, and had experienced severe civil rights violations including racial profiling, discrimination, and defamation. Finally, on or about August 29, 2018, Dr. Farmer able to get the "Disciplinary Warning" removed.

Plaintiff then filed suit, alleging five (5) causes of action: 1) Violation Of Fourth Amendment (Unlawful Seizure based on the first incident); 2) Violation Of Fourth Amendment (Unlawful Seizure based on the second incident); 3) Violation Of First Amendment; 4) Violation Of Civil Rights § 1981; 5) Violation Of Civil Rights Title VI.

### B. Defendants Brief Description of Claims

**Statute of Limitations**: All of the alleged bad acts by Defendants occurred between February 19, 2017 and August 24, 2017. The statute of limitations for Plaintiffs' claims is two years. Plaintiff was required to file his claims on or before

February 19, 2019 and August 24, 2019, respectively. Plaintiff filed the Complaint in January 2020, well after the statute of limitations had elapsed.

**42 U.S.C. § 1983 Claims:** Defendants did not act "under color of state law," and therefore, they cannot be liable for Section 1983 claims.

In addition, Defendants' actions did not violate Plaintiff's First Amendment or Fourth Amendment rights. On the nights in question – February 19, 2017 and July 25, 2017 – Defendants asked to see Plaintiff's student ID to make sure that he was a student at Grand Canyon University. GCU is well within its rights to check student ID's to protect the safety of the campus. Neither instance was an "unlawful detainment." Nor were Plaintiff's free speech rights ever chilled. In fact, he was able to express his right to free speech on several occasions, fully explaining his side of the story to GCU officials.

In addition, GCU cannot be liable for Section 1983 violations of its employees. Nor can GCU be held liability under a theory of municipal liability, as GCU is not a municipality, department or branch of the state or local government. And even if GCU could theoretically be held liable under a theory of municipal liability, Plaintiff cannot satisfy the requirements of Monell to prove municipal liability.

**42 U.S.C. § 1981 Claim**: GCU's actions were not the byproduct of racial discrimination. GCU's actions were not motivated by racial animus. On the contrary, GCU's actions were motivated by the desire to protect the safety of the campus.

In addition, Plaintiff was never denied access to classes or GCU's educational facilities. Plaintiff was able to take full advantage of GCU, and was able to obtain both graduate and undergraduate degrees from GCU.

**42 U.S.C. § 2000d Claim**: GCU's actions were not the byproduct of racial discrimination. GCU's actions were not motivated by racial animus. On the contrary, GCU's actions were motivated by the desire to protect the safety of the campus.

In addition, Plaintiff was never denied access to classes or GCU's educational facilities. Plaintiff was able to take full advantage of GCU, and was able to obtain both graduate and undergraduate degrees from GCU.

### 4. Jurisdiction

This action is brought pursuant to 42 U.S.C. §§ 1983 & 1981, Title VI of the 1964 Civil Rights Act as well as the First, Fourth, and Fourteenth Amendments to the United States Constitution.

The United States District Court for the District of Arizona has jurisdiction over this action pursuant to:

1. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil action arising under the Constitution, laws or treaties of the United States;
2. 28 U.S.C. § 1343, which gives district court's original jurisdiction over action to secure civil rights extended by the United States government;
3. 28 U.S.C. § 1367(a), which gives district court's supplemental jurisdiction to

hear pendant State tort claims arising under State law.

The incidents complained of in this action occurred in the County of Maricopa, State of Arizona, within the territorial jurisdiction of this court, therefore venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

### 5. Parties Not Served

Defendants Joe Yahner; Kenny Byers; Michael Martinez; Officer Robinson; Officer Washington; Sergeant Bristle; Sergeant Wiley; Officer M. Grupe; and Steve Young have not been served. As a result, these parties have been terminated from the case, per court order on May 8, 2020.

### 6. Adding Parties and Amending Pleadings

At this time Plaintiff has no plans to add any additional parties. Plaintiff does reserve the right to amend the pleadings pending the Courts decision on Defendants Rule 12(b) Motion to Dismiss for Failure to State a Claim.

### 7. Possible Motions

**A. Plaintiff**

If Plaintiff does amend the pleadings, Plaintiff intends to file a Motion for Alternative Service. Plaintiff reserves the right to bring pre-trial motions as the

evidence and issues develop.

### A.     Defendant

If Plaintiff files any amended complaint, Defendants reserve the right to file a motion to dismiss or motion for judgment on the pleadings, if appropriate. Defendants also anticipate filing a motion for summary judgment, if Plaintiff's claims survive motion to dismiss and/or motion for judgment on the pleadings. Defendants reserve the right to file any and all pre-trial motions in light of the evidence and issues presented in this matter.

### 8.    **Suitability for Reference to a U.S., Magistrate Judge for a Settlement Conference**

The Parties request a jury trial, but will participate in good-faith settlement efforts, including possibly a settlement conference and/or mediation. In addition, should the Court deem the damages are likely to be under $50,000, the parties will participate in arbitration.

### 9.    **Related Cases**

There are no related cases.

**10.    Electronically Stored Information**

Plaintiff has turned over all electronically stored information (See section 13 below).

**11.    Claims of Privilege or Work Product**

At this time, Plaintiff does not foresee any issues relating to claims of privilege or work product.

As discovery progresses and Defendants identify information subject to claims of privilege or work product, Defendants reserve the right to invoke privilege or work product.

**12.    Issues Under Federal Rule of Evidence 502(d)**

At this time, Plaintiff does not foresee the need to seek an order under Federal Rule of Evidence 502(d) at this time, but reserves any and all rights under Federal rules of Evidence.

Defendant reserves any and all rights under Federal Rule of Evidence 502(d).

**13.    MIDP**

Plaintiff has complied with MIDP order and produced all evidence currently in the custody and control of Plaintiff.

Defendants anticipate producing its MIDP on May 15, 2020.

**14.** **Discovery**

a. Depending on the MIDP responses, the parties may find further written discovery is warranted. Additionally, the parties anticipate taking depositions of the Plaintiff and of the named Defendants.

b. The Parties do not anticipate any changes to the discovery limitation imposed by the Federal Rules of Civil Procedure will be necessary.

c. The Parties have set the number of hours permitted for each deposition at 7 hours per witness, as set forth in the Federal Rule of Civil Procedure 30(d)(1).

**15.** **MIDP Service**

Plaintiff has complied with MIDP order and produced all evidence currently in the custody and control of Plaintiff. By mutual agreement, the disclosures were produced electronically via email and a drop box link on May 4, 2020.

Defendants anticipate producing its MIDP on May 15, 2020.

**16.** **Deadlines**

a) Motions to amend the Complaint and to join additional parties shall be filed no later than 7/3/2020.

b) The parties with the burden of proof on an issue shall disclose the identity of all persons whom they may call at trial to present evidence under Rules 702, 703, 704 or 705 of the Federal Rules of Evidence no later than 3/3/2021. The parties shall disclose the identity of all rebuttal experts no later than 4/1/2021. These disclosures shall be full and complete as required by Fed. R. Civ. P. 26(a)(2)(A)-(C).

c) The disclosures of the identities of all persons whom a party may call at trial to present evidence under Fed. R. Evid. 702, 703, 704, or 705 shall also include all of the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) if the witness is either (1) retained or specifically employed to provide expert testimony in this case, or (2) is an agent or employee of the party offering the testimony whose duties regularly involve giving expert testimony. No deposition of any expert witness shall occur before the disclosures concerning expert witnesses mandated by this Order are made. Expert reports disclosed under Fed. R. Civ. P. 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures of such testimony are required on or before the dates set forth above; absent truly extraordinary circumstances, parties will not be permitted to supplement their expert reports after these dates.

d) All fact discovery must be completed by 2/20/21, including depositions of

parties and lay witnesses; answers to interrogatories; and supplements to interrogatory answers. Each party shall conduct discovery in an expeditious manner so as to complete any and all discovery by the deadline. "Complete" includes time to propound discovery, the time to answer all propounded discovery, the time for the Court to resolve all discovery disputes, and the time for the parties to conduct any final discovery necessitated by the Court's ruling on any discovery disputes.

e) All expert discovery must be completed by 4/29/2021, including depositions of all expert witnesses.

f) The parties must complete all pre-trial disclosures required under Fed. R. Civ. P. 26(a)(3), of all exhibits to be used and all witnesses to be called at trial, on or before 1/20/2021 so that the parties can complete meaningful discovery necessitated by those disclosures before the discovery deadline.

g) Good faith settlement discussions shall be held no later than 5/5/2021.

h) All dispositive motions, including Daubert motions,1 shall be filed no later than 5/30/2021.

**17. Jury Trial**

The Parties have requested a Jury Trial.

---

[1] Evidentiary motions made under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

**18.** **Settlement**

The Parties will participate in good-faith settlement efforts, including possibly a settlement conference and/or mediation. In addition, should the Court deem the damages are likely to be under $50,000, the parties will participate in arbitration.

**19.** **Other Issues**

The parties do not anticipate any other issues affecting the status or management of the case at this time.

Dated:  May 13, 2020                                    THE HEMMING FIRM

                                                                                            By; /s/ Krista R. Hemming
                                                                                                  Krista R. Hemming, Esq.
                                                                                                  Attorneys for Plaintiff
                                                                                                  Kino Bonelli

Dated:  May 13, 2020                                    MANNING & KASS
                                                                        ELLROD, RAMIREZ, TRESTER LLP

                                                                  By:    /s/ Nishan J. Wilde
                                                                                Robert B. Zelms, Esq.
                                                                                 Nishan J. Wilde, Esq.
                                                                                 Attorneys for Defendants: Grand Canyon University; Grand Canyon Education Inc.; Grand Canyon University Campus Police; and Brian Mueller

I certify in accordance with Local Rule 5-4.3.4 that all parties have concurred in the contents of the document and have authorized my office to file it.

DATED: May 13, 2020                    THE HEMMING FIRM

By:   */s/Krista R. Hemming*
      Krista R. Hemming, Esq.
      Attorneys for Plaintiffs,
      JOSE GONZALEZ, and ROGER DIAZ