**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kino Bonelli,<br><br>    Plaintiff,<br><br>v.<br><br>Grand Canyon University, et al.,<br><br>    Defendants. | No. CV-20-00143-PHX-SMB<br><br>**ORDER** |

Defendants Grand Canyon University ("GCU"), Grand Canyon Education, Inc., Grand Canyon University Campus Police and Public Safety, and Brian Mueller ("Defendants") filed a Motion to Dismiss. (Doc. 17.) Plaintiff, Mr. Bonelli, opposed the motion, (Doc. 19.), and Defendants replied (Doc. 20.) Oral argument was requested by both parties, but the Court finds that oral argument is unnecessary in ruling on the motion. LRCiv. 7.2(f).

**I.   BACKGROUND**

This case arises from two incidents between Plaintiff, a former GCU student, and GCU Campus Police and Public Safety. Plaintiff alleges the following facts in his complaint. The Plaintiff began studying at GCU in August of 2013. (Doc. 1 ¶ 17.) On or about February 19, 2017, Plaintiff was entering campus through the main entrance on 33rd Avenue when a member of campus police, Officer Robinson, ordered Plaintiff to show his

ID. (*Id.* ¶ 18-19.) Plaintiff was across the street from Officer Robinson and held up his ID, but since there was no crosswalk, Plaintiff told Officer Robinson that he was going to continue walking forward and show his ID to the other campus officers who were standing ahead of him. (*Id.* ¶¶ 20-22.) In response, Officer Robinson became overly aggressive and began cussing at Plaintiff, telling him that he "needed to show his fucking ID." (*Id.* ¶ 23.) Plaintiff then left the scene and attempted to enter campus through a different route but was stopped by Officers Wiley and Washington who demanded to see his ID. (*Id.* at ¶¶ 25-26.) Plaintiff showed the officers both his student ID and his state ID, and Plaintiff attempted to explain why he did not want to cross the street to show Officer Robinson his ID earlier. (*Id.* ¶¶ 27-28.) When Plaintiff told the officers that he was planning to file a formal complaint regarding their unprofessional and aggressive behavior, Officer Washington replied "[S]ince I'm unprofessional, and you are going to report me, I'm keeping your ID and you will never come back on campus." (*Id.* ¶¶ 29-30.) Officer Washington then confiscated his student ID and denied him entry onto campus. (*Id.* ¶ 31.) After Plaintiff explained what happened to a faculty member at GCU, the faculty member was able to get his student ID back to him from campus police. (*Id.* ¶¶ 32-37.)

On or about July 25, 2017, shortly after Plaintiff began his graduate studies at GCU, Plaintiff was studying on campus in the early morning in an area open to all students when he was contacted by Officer Grupe of the campus police. (*Id.* ¶¶ 39-41.) As Plaintiff was enrolled but not living on campus, Officer Grupe informed Plaintiff that he was not allowed to be on campus at that time pursuant to GCU policy, even though GCU had no such policy. (*Id.* ¶¶ 43-45.) Plaintiff stated that he would leave, but Officer Grupe told him that he would allow him to stay anyway. (*Id.* ¶ 47.) Nonetheless, Plaintiff left campus. (*Id.* ¶ 47.)

Five days after the incident, on July 30, 2017, GCU campus police issued a "BOLO" (be on the lookout for) which allegedly stated that Plaintiff was a non-student who tried to gain access to campus without showing his ID, became disorderly and combative, refused to leave, and then was trespassed. (*Id.* ¶¶ 50-51.) All these claims were untrue. (*Id.* ¶ 49.) The BOLO was lifted on August 7, 2017 after Plaintiff contacted the dean of his program.

(*Id.* ¶ 51.) Based on the two incidents with campus police, Plaintiff was issued a "Disciplinary Warning" from GCU on August 24, 2017, which stated that this was Plaintiff's first and only warning, and that if incidents continued to occur, that he was subject to removal from courses, removal from his program, failing grades, and suspension and expulsion. (*Id.* ¶¶ 57-59.) Plaintiff contends that he did not violate GCU policy and alleges the disciplinary warning was finally removed on August 29, 2018 after Plaintiff contacted the Vice President and Dean of Institutional Effectiveness. (*Id.* ¶¶ 60-61.)

Plaintiff brings five claims against Defendants: (1) violation of Plaintiff's Fourth Amendment rights under 42 U.S.C. § 1983 for unreasonable seizure on February 27, 2017; (2) violation of Plaintiff's Fourth Amendment rights under 42 U.S.C. § 1983 for unreasonable seizure on July 25, 2017; (3) violation of Plaintiff's First Amendment rights under 42 U.S.C. § 1983 on February 27, 2017; (4) violation of 42 U.S.C. § 1981 for racial discrimination; and (5) violation of 42 U.S.C. § 2000d for racial discrimination. (*Id.* ¶¶ 73-110.)

## II.   STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

**III.    ANALYSIS**

Defendants claim that all of Plaintiff's claims are barred by the two-year statute of limitations for personal injury actions in Arizona because the Plaintiff filed its complaint in this action on January 20, 2020, and all injuries were realized before January 20, 2018. (Doc. 17 at 4.) In response, Plaintiff argues that his cause of action did not accrue until August 29, 2018 when the GCU's Disciplinary Warning was removed from his record. (Doc. 19 at 6-9.) Thus, Plaintiff claims that the suit was timely.

"'It is well-established that claims brought under [42 U.S.C.] § 1983 borrow the forum state's statute of limitations for personal injury claims.'" *Ogbonnaya v. City of Mesa*, No. 2:14-cv-1544-HRH, 2015 U.S. Dist. LEXIS 6122, at *10 (D. Ariz. January 20, 2015) (quoting *Action Apt. Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007)); *Carter v. Burgess*, No. CV-16-00770-TUC-DCB (EJM), 2018 U.S. Dist. LEXIS 139559, at *4 (D. Ariz. 2018). "'The applicable statute of limitations for personal injury claims in Arizona is two years.'" *Id.* (quoting *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004)); *Carter* at *4 (citing A.R.S. § 12-542). Claims brought under 42 U.S.C. §§ 1981 and 2000d also borrow the forum state's statute of limitations for personal injury claims. *Flunders v. Ariz. Bd. of Regents*, No. CV-13-01893-PHX-DGC, 2014 U.S. Dist. LEXIS 49067, at *8 (D. Ariz. April 7, 2014) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 105 S. Ct. 1938 (1985)); *Cholla Ready Mix, Inc.*, 382 F.3d at 974 (using Arizona's two-year personal injury statute of limitations for §§ 1983 and 2000d claims). As with § 1983 claims, this period is two years. *Flunders* at *8 (citing *Cholla Ready Mix, Inc.*, 382 F.3d at 974). "[A] § 1983 claim accrues when the plaintiff knows or has reason

to know of the injury which is the basis of his action." *Normandeau v. City of Phoenix*, 516 F.Supp.2d 1054, 1065 (D. Ariz. 2005) (citing *Cabrera v. City of Huntington Park*, 159 F.3d 374, 379 (9th Cir. 1998)). "In a § 1983 action, the injury is the constitutional wrong that the plaintiff alleges in his or her complaint." *A.M.R. v. City of Phoenix*, No. CIV-94-2007-PHX-ROS (BGS), 1997 U.S. Dist. LEXIS 3752, at *6 (D. Ariz. Mar. 25, 1997). Once a plaintiff has inquiry notice of its claim, "'it bears the responsibility of making diligent inquiries to uncover the remaining facts needed to support the claim.'" *Brown v. Reese*, No. CV12-02003-PHX-DGC, 2013 U.S. Dist. LEXIS 158340, at *10 (D. Ariz. Nov. 4, 2013) (quoting *Davel Commc'ns, Inc. v. Qwest Corp.*, 460 F.3d 1075, 1092 (9th Cir. 2006)).

Plaintiff does not dispute that the statute of limitations under §§ 1983, 1981, and 2000d is Arizona's personal injury statute of limitations, which is two years, but instead attempts to avoid the statute of limitations by arguing that the facts of this case are analogous to malicious prosecution. (Doc. 19 at 6-7.) Defendant relies on *Heck v. Humphrey*, 512 U.S. 477 (1994), for the proposition that, "Mr. Bonelli did not have a cognizable legal claim under § 1983, until and unless the disciplinary action taken as a result of the GCU Police encounters had be [sic] invalidated." (Doc. 19 at 9.) Plaintiff then claims that the disciplinary action against Plaintiff was invalidated when a GCU dean was able to get the disciplinary warning removed on August 29, 2018. Defendant claims that, "Essentially, Mr. Bonelli had be [sic] accused of a violation, found guilty, and sentenced to probation." However, the Court finds that *Heck* does not control the outcome of this matter. That case involved an inmate's § 1983 action against a county prosecutor and state police alleging that his conviction violated his constitutional rights. *Id.* at 477. The Court in *Heck* stated that one element of a wrongful conviction claim is that the criminal proceedings be terminated in favor of the plaintiff. *Id* at 486-87. The fact that a disciplinary warning issued in this case does not equate to a criminal conviction under the *Heck* doctrine. Instead, the Court finds that the statute of limitations was triggered when Plaintiff realized the injuries that formed the basis of his claims.

Here, Plaintiff alleges five injuries which make up the basis of his five claims. The Plaintiff's alleged injuries are as follows: (1) violation of Plaintiff's Fourth Amendment right from Defendants' unreasonable detention of Plaintiff and the seizure of his ID on February 27, 2017; (2) violation of Plaintiff's Fourth Amendment rights from Defendants' unreasonable detention of Plaintiff on July 25, 2017; (3) violation of Plaintiff's First Amendment rights through Defendants' seizure of Plaintiff's ID on February 27, 2017 and by issuing a BOLO on July 30, 2017; (4) violation of § 1981 through Defendants' racial discrimination against Plaintiff through the their actions on February 27, 2017 and July 25, 2017, culminating in the issuance of the Disciplinary Warning on August 24, 2017; and (5) violation of § 2000d through Defendants' racial discrimination against Plaintiff through the their actions on February 27, 2017 and July 25, 2017, culminating in the issuance of the Disciplinary Warning on August 24, 2017. None of these claims require a showing that the disciplinary action terminated in Plaintiff's favor as required by *Heck*. As all the injuries occurred and were realized by Plaintiff more than two years before Plaintiff filed this action (January 20, 2020), the Court finds each claim in this action is barred by Arizona's statute of limitations for personal injury claims. Thus, all of Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Further, the Court determines that any amendment to the complaint would be futile, and thus, the Court dismisses all the claims in Plaintiff's complaint with prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that a district court should grant leave to amend unless it determines that the pleading cannot possibly be cured by the allegation of other facts).[1]

### IV.   CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** granting Defendants' Motion to Dismiss, (Doc. 17.) and dismissing Plaintiff's complaint with prejudice. (Doc. 1.)

---

[1] Because the Court finds that Plaintiff's claims are barred by Arizona's statute of limitations for personal injury cases, it will not address Defendants' remaining arguments.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to terminate this case.

Dated this 3rd day of November, 2020.

_____
Honorable Susan M. Brnovich
United States District Judge